USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   1/18/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

ALEXANDRA FIALLOS, as Parent and Natural : 
Guardian of L.V., and ALEXANDRA FIALLOS, :
Individually; :
  :
        Plaintiff, :   23-CV-9824 (VEC)
   -against- :
  :   <u>ORDER</u>
DAVID C. BANKS, in his official capacity as :
Chancellor of the New York City Department of :
Education, and the NEW YORK CITY :
DEPARTMENT OF EDUCATION, :
  :
        Defendants. :

-------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

On November 27, 2023, Alexandra Fiallos, as parent and natural guardian of L.V. and individually, filed an Amended Complaint and renewed her motion for a preliminary injunction seeking an order requiring Defendants to fund the cost of L.V.'s attendance at iBrain for the 2023-34 school year.  *See* Amend. Compl, Dkt. 17; *see also* Prelim. Injunction Mot., Dkt. 5.[1] L.V. has a pendency order pursuant to the Individuals with Disabilities Act ("IDEA") establishing iBrain as her placement for the 2023-24 School Year.  *See* Amend. Compl., Exhibit 1, Dkt. 17-1.   On December 12, 2023, Defendants opposed the motion for a preliminary injunction.  *See* DOE Mem., Dkt. 21.  Defendants represented that "DOE has made tuition payments for L.V. through December 31, 2023, and has processed payments for transportation and nursing through the end of the year," *see id.* at 2; *see also* DOE Decl., Dkt. 22 ¶ 8 ("There are currently no outstanding amounts owed for pendency tuition.").

---

[1]  The original complaint joined Fiallos's claim with the claims of nine other parents.  Compl., Dkt. 1.  The claims other than those of Fiallos were dismissed without prejudice on November 27, 2023.  Dkt. 19.

On December 20, 2023,[2] Plaintiff filed a Reply Memorandum arguing that, despite certain payments having been made, there is a still need for a preliminary injunction ordering Defendants to pay all outstanding balances relating to the L.V.'s placement at iBRAIN for the remainder of the 2023-24 school year.  *See* Reply Mem., Dkt. 23.

The so-called "stay-put provision" of the IDEA provides "automatic relief with respect to educational placement but not with respect to payments." *Mendez v. Banks*, 65 F.4th 56, 59 (2d Cir. 2023).  Even with a pendency order, parents are not entitled "to immediate payment or reimbursement," although they "may still be able to obtain such relief if they establish that a delay or failure to pay has jeopardized their child's educational placement."  *Id.* at 63.

Plaintiff's motion for a preliminary injunction is DENIED.  The DOE has funded L.V.'s tuition and related services through the end of the 2023 calendar year.  *See* DOE Decl., Dkt. 22 ¶¶ 8-11.  Plaintiff's request for a preliminary injunction requiring payments for tuition and services through December 31, 2023, is therefore moot.

DOE has represented that the payments for the remaining tuition and services for the 2023-24 school year will be processed following receipt of "documents detailing the services [L.V. is] receiving and the amounts billed for those services." *Id.* ¶¶ 5-6.  Plaintiff has made no showing that failure to fund the placement for the remainder of the 2023-2024 school year has jeopardized L.V.'s educational placement.  *Mendez*, 65 F.4th at 63.  Instead, Plaintiff simply asserts that L.V. is at risk of being displaced from the program at iBRAIN, *see* Memo, Dkt. 6 at 10, 12; Reply Mem., Dkt. 23 at 3, but provides no evidence to support that assertion.  Although the Amended Complaint discusses a letter from Chris Whalen (the "Whalen Letter"), which

---

[2]      Plaintiff's reply was due December 19, 2023. *See* Order, Dkt. 12.  In her submission dated December 20, she asked the Court to grant an extension of her deadline *nunc pro tunc* to December 20, 2023.  Reply Mem., Dkt. 23 at 1 n.1.  That request is granted.

stated that the L.V.'s placement "may no longer be available after November 2, 2023," First Amended Complaint, Dkt. 17 ¶¶ 73-79, that date passed over two months ago.[3]  Given DOE's sworn declaration that L.V.'s tuition and services were funded through the end of the 2023 calendar year and the fact that Plaintiff has presented no evidence indicating that L.V.'s placement was interrupted on November 2, 2023, or any date thereafter, Plaintiff's allegations regarding the Whalen Letter are insufficient to show that L.V.'s placement is in jeopardy.

Plaintiff's motion for a preliminary injunction requiring payments for January 1, 2024, through the end of the school year is, therefore, denied because Plaintiff has not shown that the Student's placement is at risk.

The Court will schedule an Initial Pretrial Conference by separate order.


**SO ORDERED.**


Date:  **January 18, 2024**
       **New York, New York**

**VALERIE CAPRONI**
**United States District Judge**

---

[3]      Plaintiff did not bother to attach Mr. Whalen's letter to the Complaint, Dkt. 1, the submissions in support of Plaintiff's motion for a preliminary injunction, Dkts. 5, 6, 23, or the Amended Complaint, Dkt. 17.